# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ALCHEMY TELCO SOLUTIONS US, LLC,

*Plaintiff*,

v.

LAN GLOBAL, INC.,

*Defendant.*

CIVIL ACTION NO.: 1:22-CV-11763

## COMPLAINT

Plaintiff Alchemy Telco Solutions US, LLC ("Alchemy") by and through its undersigned counsel, files this Complaint against Defendant LAN Global, Inc. ("LAN"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action to redress LAN's flagrant, ongoing refusal to comply with the clear legal obligations it owes to Alchemy under the parties' January 5, 2022 Master Services Agreement ("MSA"), including LAN's promise to pay for tens of thousands of smartphones and other devices it is legally required to purchase from Alchemy.

2. In reliance on LAN's express direction to acquire these devices, Alchemy marshaled the considerable financial and other resources necessary to do so, and fulfilled its end of the bargain by obtaining the substantial inventory LAN ordered through two separate legally binding order forms, each of which was signed by LAN's Chief Executive Officer, Shawn Mehrian.

3. When it came time to pay for those devices, however, LAN balked. First, it sought to delay by asserting that it would soon have the funds necessary to make its overdue payments. Next, it sought to distract from its default by claiming it had various unspecified future opportunities it wanted to pursue with Alchemy, if only Alchemy could "get past" LAN's

ongoing breaches. Finally, when pressed, LAN acknowledged its legal obligations to Alchemy but sought to misdirect by vaguely claiming it was interested in resolving the dispute, but offering no concrete proposals or commitments.

4. Left for months without LAN's commitment to address Alchemy's mounting exposure, and left holding thousands of quickly-depreciating electronic devices, Alchemy has been forced to bring this action to recoup its losses and compel LAN to comply with its contractual obligations under the MSA and applicable law, including LAN's obligation to fully indemnify Alchemy for all expenses, costs, and attorney's fees incurred as a result of LAN's non-performance under the MSA.

## **PARTIES**

5. Plaintiff Alchemy is a domestic limited liability corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 175 Cabot Street, Suite 304, Lowell, Massachusetts 01854.

6. Upon information and belief, Defendant LAN is a stock corporation organized and existing under the laws of the state of California, with its principal place of business at 4080 North Pecos Road, Suite 1010, Las Vegas, Nevada, 89115.

## **JURISDICTION**

7. This Court has personal jurisdiction over Alchemy because Alchemy has its principal place of business in the Commonwealth of Massachusetts.

8. This Court has personal jurisdiction over LAN because LAN expressly agreed to submit to the exclusive jurisdiction of the state and federal courts in this District for the purpose of adjudicating any dispute relating to the MSA. In addition, on information and belief, LAN regularly transacts business within the Commonwealth of Massachusetts, including by soliciting business from, rendering services to, and deriving revenues from persons and business organizations residing within the Commonwealth of Massachusetts and otherwise availing itself of residents, consumers, clients, and business opportunities throughout this District.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), inasmuch as there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $3 million, exclusive of interest and costs.

**VENUE**

10. Venue is proper because a substantial part of the events giving rise to Alchemy's claim occurred in this District. Moreover, Alchemy and LAN expressly agreed that any claim related to the MSA would be brought exclusively in this District (or in the Superior Court for Middlesex County), and each waived, to the fullest extent permitted by law, any objection to venue in this District.

**FACTUAL ALLEGATIONS**

11. Alchemy is a global leader in the secondary device market. Through years of hard work, business integrity, and reliability, it has become one of the leading suppliers of refurbished technology and a preferred trade-in partner for the world's top technology brands. Alchemy sources used devices from its technology partners, undertakes the repairs, diagnostic steps, and other necessary refurbishments, and reduces consumer waste by repurposing those devices as fully saleable units, ready for a second life.

12. On information and belief, LAN offers infrastructure, logistics, asset recovery, supply chain, and other services to its customers. Included among these services is LAN's claimed ability to source and deliver refurbished smartphones and other technology products to its customers.

13. On January 5, 2022, Alchemy and LAN executed the MSA. Among other things, the MSA outlined the mechanism whereby LAN could execute an Order Form for certain goods advertised by Alchemy. The MSA further provided that Alchemy would be entitled to rely on any Request (as defined therein) for goods made by LAN, and that LAN would be obligated to execute a binding Order Form and to buy such goods from Alchemy in accordance with the provisions of the MSA.

14.     Concurrently with execution of the MSA, LAN executed Order Form No. 1, in which it directed Alchemy to provide, and committed to buy, tens of thousands of iPhone 8 and iPhone 8 Plus devices.  The devices were to be provided to LAN over an approximately three month period, beginning January 24, 2022.  Order Form No. 1 was signed by LAN's Chief Executive Offer, Shawn Mehrian.

15.     Pursuant to the MSA, LAN made a deposit of $552,500 with Alchemy, which represented 5% of the total forecast volume encompassed by LAN's order.

16.     Several weeks later, LAN executed Order Form No. 2, in which it directed Alchemy to source, and committed to buy, an additional approximately 45,500 iPhone XR devices, at a per unit price of $225.  LAN also expanded its original order of iPhone 8 and iPhone 8 Plus devices.  Once again, LAN's CEO, Mr. Mehrian signed Order Form No. 2.

17.     Together, LAN ordered more than 166,000 devices from Alchemy, which it committed to buy at the prices stated in the Order Forms pursuant to the terms of the MSA.  All told, LAN promised to purchase more than $30.6 million in device inventory from Alchemy.

18.     In reliance on LAN's commitments, Alchemy dutifully performed its contractual obligations.  It invested substantial monetary and human resources to source and quality-check the devices LAN ordered, and began making those devices available to LAN in accordance with the schedule set by the MSA.  Alchemy also obtained the capital necessary to acquire the volume of devices ordered by LAN, and in so doing, incurred substantial financing costs in reliance on LAN's contractual promises to acquire and pay for such inventory in accordance with the terms of the MSA and Order Forms.

19.     At first, LAN complied with its obligations by taking shipments of the devices and paying Alchemy for them at the listed prices.  By March, however, LAN began claiming to have cashflow difficulties and stopped complying with its obligations on time and in full.  And by late April, LAN requested to amend the parties' agreement to reduce agreed pricing and volumes.  Alchemy declined this request.

4

20. Shortly thereafter, LAN stopped complying with the parties' agreements, declined to accept the scheduled shipments of devices, and stopped paying Alchemy for the devices it had acquired on LAN's behalf.

21. In total, LAN paid only $4,543,250 of its more than $30.6 million commitment to Alchemy.

22. Once LAN made clear it would not comply with its obligations under the MSA, Alchemy sought to mitigate its damages by selling that inventory to other buyers. Although Alchemy has tried to work with LAN to find a solution, second-hand electronics depreciate in value rapidly, meaning Alchemy had a limited window to find alternative buyers for the devices. In addition, given the quantity of devices Alchemy was stuck with following LAN's default, it had to take care not to crater its market by flooding the market with tens of thousands of devices all at once.

23. Although Alchemy has been reasonably successful in selling off much of the inventory it procured for LAN, it has not been able to achieve the contractual prices agreed with LAN in the Order Forms for those devices. Consequently, even after having applied LAN's deposit to the shortfall (as Alchemy is permitted to do under the MSA), Alchemy is facing a shortfall of millions of dollars, which represents the difference between the revenue LAN promised to pay for the devices it ordered, and the revenue Alchemy has been able to achieve through its efforts to mitigate its damages.

24. In addition to the shortfall in revenue, Alchemy has been harmed in other ways by LAN's breaches. For example, it has been forced to pay the substantial costs of financing its purchase of devices on LAN's behalf for far longer than it should have had LAN performed under the MSA. It has also been unable to pursue other business opportunities because it continues to hold substantial inventory for LAN, and because Alchemy was forced to draw down substantially on its available financing to purchase those devices for LAN, thereby leaving little or no available capital to pursue other opportunities. And, Alchemy has incurred fees, expenses,

and other harm as a result of the time and effort expended to compel LAN to comply with its legal obligations to Alchemy.

## FIRST CAUSE OF ACTION
### Breach of Contract

25. Alchemy alleges and incorporates by reference the allegations contained in Paragraphs 1 through 24 herein.

26. Alchemy and LAN entered into the MSA, which is a valid contract under applicable law. Among other things, the MSA obligated LAN to pay for certain devices ordered from Alchemy through one or more Order Forms.

27. Alchemy substantially performed its obligations under the parties' contract.

28. LAN breached the parties' agreement by and through the acts set forth herein, including without limitation by failing to timely pay for and take delivery of the devices it ordered from Alchemy.

29. Alchemy has suffered harm as a result of LAN's contractual breaches in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing

30. Alchemy alleges and incorporates by reference the allegations contained in Paragraphs 1 through 29 herein.

31. Under Massachusetts law, every contract is subject to a covenant of good faith and fair dealing.

32. Alchemy and LAN entered into the MAS, which is a binding agreement under applicable law and was therefore subject to an implied covenant of good faith and fair dealing.

33. LAN breached its covenant of good faith and fair dealing by, among other things, undertaking the actions and omissions complained of herein, which had the effect of destroying or injuring the rights of Alchemy to receive the benefits of the agreement.

34. LAN's conduct has been undertaken in bad faith.

35. Alchemy has been harmed by LAN's unlawful conduct in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### Promissory Estoppel

36. Alchemy alleges and incorporates by reference the allegations contained in Paragraphs 1 through 35 herein.

37. LAN made numerous promises to Alchemy, including without limitation its promises to timely pay for and take delivery of certain inventory sourced for LAN by Alchemy.

38. LAN knew or should have known that these promises would induce Alchemy to undertake certain actions in reliance on LAN's promises, including without limitation its efforts to finance and source the inventory LAN promised to purchase from Alchemy.

39. Alchemy has been harmed as a result of actions taken in reliance on LAN's promises, and injustice can be avoided only by enforcement of those promises.

## **PRAYER FOR RELIEF**

WHEREFORE, Alchemy prays as follows:

A. That judgment be entered for Alchemy and against LAN on each of Alchemy's causes of action;

B. For a judgment declaring that LAN has breached the MPA, that LAN is liable to Alchemy for its conduct as described herein, and that Alchemy has no further obligations or liability under the MPA;

C. For an award of damages, together with pre- and post-judgment interest and costs, in an amount according to proof;

D. For an award of attorneys fees and costs; and

E. For such other costs and further relief as the Court may deem just and proper.

//
//
//

Date: October 14, 2022    Respectfully submitted,

By: /s/ Adam S. Cashman
    Adam Cashman (BBO No. 660683)
    SINGER CASHMAN LLP
    505 Montgomery Street, Suite 1100
    San Francisco, CA 94111
    Telephone:(415) 500-6080
    Facsimile: (415) 500-6080
    acashman@singercashman.com

*Attorney for Plaintiff Alchemy Telco Solutions US, LLC*